In the Matter of DAVID M. SCHWARTZ, Appellant, v ROBERT A. MUIR, Respondent. [747 NYS2d 551]

Pursuant to a pendente lite order dated December 9, 1998, in a matrimonial action, the Supreme Court awarded the appellant, the former attorney for the wife, $7,500 in counsel fees to be paid by the husband. The order was reduced to a money judgment dated December 24, 1998. On March 24, 2000, the appellant served the husband with a restraining notice to prevent him from dispersing funds without payment of the money judgment. The husband's funds had been placed in an escrow account held by the husband's attorney, the respondent herein.

On March 29, 2000, the husband and wife entered into a stipulation of settlement, disposing of all the issues pertaining to the marriage. The stipulation provided, in relevant part, that "all prior judgments, orders, and rulings entered and made herein are and shall be vacated, nunc pro tunc, upon the signing and filing hereof." The appellant was not the wife's attorney at that time, he was not a party to the stipulation, and never received notice that the Supreme Court "so-ordered" the stipulation. When the appellant sought to enforce his money judgment in the present proceeding, the Supreme Court determined that the money judgment was no longer in effect pursuant to the terms of the stipulation. This determination was incorrect.

In the absence of the appellant's consent, or the grant of a motion on notice for an order vacating the money judgment, the stipulation of settlement between the husband and wife in this matrimonial action did not have the effect of vacating the prior enforceable judgment (see CPLR 5015 [a], [b]). Accordingly, the order is reversed, the application is granted, and the respondent shall release funds held in escrow in an amount necessary to satisfy the appellant's money judgment, including the payment of interest in accordance with CPLR 5003. Feuerstein, J.P., Krausman, Luciano, Townes and Cozier, JJ., concur.